UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT CHATTANOOGA

| | |
|---|---|
| SHARON LOVING, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) |
| | ) 1:23-CV-146-KAC-CHS |
| METROPOLITAN LIFE INSURANCE | ) |
| CO., | ) |
| | ) |
| Defendant. | ) |

## MEMORANDUM OPINION AND ORDER GRANTING SUMMARY JUDGMENT

This action is before the Court on Defendant Metropolitan Life Insurance Co.'s Motion for Summary Judgment [Doc. 37]. For the reasons below, the Court grants the Motion.

## I. Background[1]

One of Defendant's administrative units "administers claims for benefits under the [Federal Employee's Group Life Insurance] FEGLI Program pursuant to [the Federal Employees' Group Life Insurance Act, 5 U.S.C. § 8701 *et seq.*] FEGLIA, the corresponding regulations and guidance issued by the [United States Office of Personnel Management] OPM, and the FEGLI Contract issued by the OPM to" Defendant [Doc. 37-2 at 3]. Ronald A. Loving "was a participant in" the FEGLI Program [*See id.* at 2; Doc. 37-5 at 3].

The FEGLI Contract issued by OPM to Defendant, which applies here, included certain terms and obligations [*See* Doc. 37-3]. Among them, the Contract incorporated FEGLIA and the OPM regulations promulgated under FEGLIA "as if fully set forth herein" [Doc. 37-3 at 10].

---

[1] Because Plaintiff Sharon Loving is the nonmoving Party, the Court describes the facts in the light most favorable to her. *See Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986); *Nat'l Satellite Sports, Inc. v. Eliadis, Inc.*, 253 F.3d 900, 907 (6th Cir. 2001).

As it specifically relates to payment of FEGLI Program benefits, the Contract provides that OPM must "furnish or cause to be furnished to" Defendant "such information regarding Insured Persons as" Defendant "reasonably determines is necessary to carry out its obligations under" the Contract [*Id.* at 11]. But Defendant "shall rely on information provided by OPM and/or any employing agency with respect to Beneficiary designations" [*Id.* at 31]. And the "Designation of Beneficiaries and the order of precedence for payment to Beneficiaries shall be as specific in the Act [FEGLIA] and Regulations" [*Id.*].

FEGLIA provides that:

the amount of group life insurance and group accidental death insurance in force on an employee at the date of his death shall be paid, on the establishment of a valid claim, to the person or persons surviving at the date of his death, in the following order of precedence:
First, to the beneficiary or beneficiaries designated by the employee in a signed and witnessed writing received before death in the employing office or, if insured because of receipt of annuity or of benefits under subchapter I of chapter 81 of this title as provided by section 8706(b) of this title, in the Office of Personnel Management. For this purpose, a designation, change, or cancellation of beneficiary in a will or other document not so executed and filed has no force or effect.

Second, if there is no designated beneficiary, to the widow or widower of the employee.

5 U.S.C. § 8705(a). Under the Contract, Defendant must "pay the Insurance in Force (plus applicable interest) of the Insured Person based on receipt of satisfactory written proof" [Doc. 37-3 at 27]. "Satisfactory written proof consists of Government Agency or OPM certification of coverage . . ., and a certified death certificate or other proof deemed satisfactory by" Defendant "when a certified death certificate is not available" [*Id.*]. Defendant's "determination as to the entitlement to payment of Benefits is to be given full force and effect, unless it can be shown that the determination was arbitrary and capricious" [*Id.*].

On November 1, 2019, Ronald A. Loving passed away [*See* Doc. 42 at 17]. Plaintiff Sharon Loving was Mr. Loving's wife [*See* Dc. 42 at 18]. After Mr. Loving passed, OPM provided Mr. Loving's FEGLI Program file to Defendant [Doc. 37-2 at 3-4].

Mr. Loving's FEGLI Program file contained only one beneficiary designation form for Mr. Loving's FEGLI benefits [*Id.*]. That Designation of Beneficiary form was signed by Mr. Loving; dated October 3, 2001; and witnessed [*See id.*; Doc. 37-5 at 5]. The Designation of Beneficiary form was marked received by Mr. Loving's employing agency—the Tennessee Valley Authority—that same day [*See* Doc. 37-5 at 5]. The Form lists the beneficiaries of Mr. Loving's FEGLI Program benefits as "Robin Loving, if living, otherwise Robert Loving" [*Id.*]. Robin Loving was Mr. Loving's sister [*See* Doc. 37-2 at 4]. Plaintiff, however, "thought she was the beneficiary" of Mr. Loving's FEGLI Program benefits [Doc. 42 at 18]. No Party has identified any other beneficiary designation for Mr. Loving's FEGLI benefits [*See* Docs. 37, 42, 43].

On or about February 29, 2020 "Robin Loving submitted a FEGLI Claim for Death Benefits" related to Mr. Loving [Doc. 37-2 at 4]. On or about April 6, 2020, Defendant "approved Robin Loving's claim for benefits" [*Id.*]. On April 7, 2020, Defendant paid Mr. Loving's FEGLI Program benefits to Robin Loving [*Id.*].

Unsatisfied with this result, Plaintiff, who is proceeding pro se, filed suit [*See* Doc. 1]. Her operative Amended Complaint alleges that Defendant "wrongfully awarded death benefits to the wrong person based on twenty-year-old information in breach of the written contract agreement without doing an adequate investigation prior to the distribution of proceeds" [Doc. 7 at 4]. The sole remaining claim in this action is Plaintiff's breach of contract claim against Defendant [*See* Doc. 23 at 5]. After the close of discovery, Defendant filed a motion for summary judgment [*See* Doc. 37]. Plaintiff opposed [Doc. 42]. And Defendant filed a reply [Doc. 43].

## II.    Analysis

Under Federal Rule of Civil Procedure 56, summary judgment is appropriate where "the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). The Court views the facts in the light most favorable to Plaintiff and draws all reasonable inferences in her favor. *See Matsushita Elec. Indus. Co.*, 475 U.S. at 587; *Nat'l Satellite Sports, Inc.*, 253 F.3d at 907. Defendant bears the burden of demonstrating that no genuine dispute of material fact exists. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). Once Defendant has done that, Plaintiff cannot rest on "mere allegations or denials of the adverse party's pleadings"—she must "set forth specific facts showing that there is a genuine issue for trial." *See Moldowan v. City of Warren*, 578 F.3d 351, 374 (6th Cir. 2009) (citation omitted). "A genuine issue for trial exists only when there is sufficient 'evidence on which the jury could reasonably find for the plaintiff.'" *Nat'l Satellite Sports, Inc.*, 253 F.3d at 907 (quoting *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249 (1986)).

Here, because Defendant did all that the Contract required, it is entitled to summary judgment. Consistent with the terms of the Contract, OPM provided Defendant Mr. Loving's FEGLI Program file [*See* Docs. 37-2 at 3-4, 37-3 at 11]. That File contained only one beneficiary designation [Doc. 37-2 at 3-4; *see also* Doc. 37-5 at 5]. That Form listed Robin Loving as the first beneficiary of Mr. Loving's benefits [*See* Doc. 37-5 at 5]. Defendant relied on the "information provided by OPM" as it relates to "Beneficiary designations" in paying Mr. Loving's FEGLI Program benefits to Robin Loving [*See* Doc. 37-3 at 31]. This was consistent with both the terms of the Contract and the FEGLIA, which reaffirms that "benefits shall be paid" first "to the beneficiary or beneficiaries designated by the employee in a signed and witnessed writing received before death." *See* 5 U.S.C. § 8705(a).

4

Even liberally construed, Plaintiff's arguments against summary judgment are unavailing. Plaintiff has identified no language in the Contract, FEGLIA, or relevant regulations that would require Defendant to conduct an independent investigation beyond the FEGLI Program file to search for any other potential claimant before paying FEGLI Program benefits [*See* Doc. 42]. To the contrary, the terms of the Contract required Defendant to "rely on information provided by OPM" as it relates "to Beneficiary designations" [Doc. 37-3 at 31].

Moreover, even after conducting discovery in this case, no Party has identified any other beneficiary designation that was signed by Mr. Loving, witnessed, and received by his employer before his death. And Plaintiff has identified no genuine dispute of material fact regarding the same. Without any other qualifying beneficiary designation, Robin Loving would be entitled to payment of Mr. Loving's benefits under the terms of the Contract and prevailing law regarding order of precedence [*See* 37-3 at 10, 11, 31]. *See* 5 U.S.C. § 8705(a). As Plaintiff has recognized, the "proceeds from a FEGLI benefit 'accrue first to the beneficiary or beneficiaries designated by the employee in a signed and witnessed writing received before death'" [Doc. 42 at 2 (quoting *Hillman v. Maretta*, 569 U.S. 483, 486 (2013) (alterations in original)]. In the end, there is no evidence in the record that Mr. Loving changed his beneficiary designation from Robin Loving, even if Plaintiff thought that he did. On this record, then, there is not "sufficient evidence on which the jury could reasonably find for the plaintiff" on her breach of contract claim. *See Nat'l Satellite Sports, Inc.*, 253 F.3d at 907 (quotation and citation omitted).

5

**III.** **Conclusion**

For the above reasons, the Court **GRANTS** Defendant Metropolitan Life Insurance Co.'s

Motion for Summary Judgment [Doc. 37]. Because no claims remain in this action, an appropriate

judgment shall issue.

SO ORDERED.

_____
KATHERINE A. CRYTZER
United States District Judge